NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| UNITED STATES OF AMERICA | Criminal Action No. 19-445 (SRC) |
| v. |  |
| JORGE SANTIAGO | OPINION |

**CHESLER**, District Judge

This matter comes before the Court on the motion of Defendant Jorge Santiago ("Defendant") for early termination of supervised release. The United States of America ("Government") opposes the motion. The Court, having considered the papers filed by the parties, proceeds to rule on the motion without oral argument. For the reasons that follow, the Court will deny Defendant's motion.

Defendant pleaded guilty to knowingly and intentionally possessing with intent to distribute a quantity of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). He was sentenced to a term of imprisonment of twelve months and one day, followed by three years of supervised release. His term of supervision is set to expire on September 10, 2023.

Defendant moves for early termination of his term of supervision. In support of his motion, Defendant asserts he has fully complied with the terms of his supervised release. He has maintained a job driving tractor-trailers. He asserts he has demonstrated a low risk of recidivism or harm to the public. And Defendant notes the burdens supervision places upon him, namely requesting permission to travel to other states for work and to visit his son in Virginia.

The Court may terminate a term of supervised release in felony cases after one year if it is

satisfied that termination is warranted by the conduct of the individual under supervision and if termination is in the interest of justice. 18 U.S.C. §§ 3564(c), 3583(e)(1). First, the Court must consider whether Defendant has satisfied six criteria laid out in the Guide to Judicial Policy which encompass minimum statutory requirements. Those factors are:

> (1) the person does not meet the criteria of a career drug offender or career criminal as described in 28 U.S.C. § 994(h) or has not committed a sex offense or engaged in terrorism; (2) the person presents no identified risk of harm to the public or victims; (3) the person is free from any court-reported violations over a 12-month period; (4) the person demonstrates the ability to lawfully self-manage beyond the period of supervision; (5) the person is in substantial compliance with all conditions of supervision; and (6) the person engages in appropriate prosocial activities and receives sufficient prosocial support to remain lawful well beyond the period of supervision.

8 Guide to Judicial Policy, ch. 3 § 360.20(c). Second, the Court must weigh the 18 U.S.C. § 3553(a) sentencing factors, which are:

> (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing range established for the defendant's crimes; (4) pertinent policy statements issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). The Court is not required to make specific factual findings with respect to each factor. Rather, "a statement that [the Court] has considered the statutory factors is sufficient." United States v. Melvin, 978 F.3d 49, 53 (3d Cir. 2020) (quoting United States v. Gammarano, 321 F.3d 311, 315-16 (2d Cir. 2003)). This inquiry affords significant discretion to the Court. Id. at 52.

The Government concedes Defendant satisfies the six criteria of the <u>Guide to Judicial Policy</u>.  Instead, the Government asserts early termination is not warranted in light of the § 3553(a) sentencing factors.  Specifically, the Government argues Defendant's offense is serious, Defendant has some criminal history, and Defendant's initial sentence was appropriate to afford adequate deterrence and to protect the public from further crimes of Defendant.

The Court has considered the § 3553(a) sentencing factors and agrees with the Government.  The Court considered the § 3553(a) sentencing factors when it initially sentenced Defendant, and there are no circumstances that appear to change that analysis.[1]  Defendant's offense was serious.  However, the Court sentenced Defendant below the guideline range, taking into account Defendant's compliance with pretrial conditions and his employment status.  But the Court explained that three years of supervised release was necessary to ensure an appropriate aggregate sentence. (Sentencing Trans. 15:14-20).  That remains the Court's position.  The Court appreciates Defendant's compliance with the terms of his supervision and understands the responsibilities that supervision places on Defendant, particularly with regard to interstate travel.  Still, the Court is convinced an appropriate sentence for Defendant remains his initial sentence, which includes a full three years of supervision.  Therefore, the Court will deny Defendant's motion.  An appropriate order will be filed.

   s/ Stanley R. Chesler  
STANLEY R. CHESLER  
United States District Judge

Dated:  March 20, 2023

---

[1] Although a finding of changed circumstances is not required to grant relief, <u>see</u> <u>Melvin</u>, 978 F.3d at 53, the Court is convinced that its initial balancing of the § 3553(a) factors was correct.